

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 13, 1949

Honorable L. D. Ransom
Executive Secretary
Texas Real Estate Commission
Austin, Texas

Opinion No. V-964

Re: The authority of the Texas
Real Estate Commission
to require that applicants
for licenses pass an exam-
ination to determine their
competence.

Dear Sir:

Your request for an opinion states in part:

"The Texas Real Estate Commission has been
presented with the question of whether or not it is
authorized or permitted under the Real Estate Deal-
ers License Act - Article 6573a, revised civil stat-
utes, as amended by Senate Bill No. 28, 51st Legis-
lature - to require that each and every applicant
for a license as a real estate dealer or salesman
pass an examination in order to determine the com-
petency of such applicant,

"Opinion No. 0-6252 of your department, October
10, 1944, discusses this question and concluded that
under the statute as written at that time no authority
to require an applicant to take either an oral or writ-
ten examination exists. The question had arisen under
Sections 8 and 9 of the Act,

"Section 8 required that: 'Application for a real
estate dealer's or real estate salesman's license shall
contain such other information as to the applicant, in
addition to the above described as the Administrator
of the Securities Division of the office of the Secretary
of State shall require, The Administrator of the Se-
curities Division of the office of the Secretary of State
may require such other proof through the application

or otherwise as its officers shall deem desirable
with due regard to the paramount interest of the
public as to the honesty, truthfulness, integrity, and
competency of the applicant.'

"Section 9 provided that: 'If the Administrator
of the Securities Division of the office of the Sec-
retary of State is satisfied that the applicant for
real estate dealer's or real estate salesman's li-
cense is of good business repute and that the busi-
ness will be conducted in an honest, fair, just, and
equitable manner, and upon complying with all oth-
er provisions of law and conditions of this Act, a
license shall thereupon be granted by the Admin-
istrator of the Securities Division of the office of
the Secretary of State to the successful applicant
therefor as a real estate dealer or real estate sales-
man, and the applicant, upon receiving possession
of license, is authorized to conduct the business of
a real estate dealer or real estate salesman in this
State.' "

The exact question presented is whether the Texas Real
Estate Commission is authorized or permitted to require an ap-
plicant for license to pass an examination in order to determine
his competency.

We are of the opinion that the Texas Real Estate Com-
mission is not authorized or permitted under Article 6573a, V.C.
S., as amended by Acts 51st Leg., R.S. 1949, Ch. 149, p. 304, to
require that an applicant for a license as a real estate dealer or
salesman pass an examination in order to determine the competen-
cy of such applicant.

Opinion 0-6252, with which you are familiar, states in
part that

"If the Legislature had intended that applicants
for a dealer's or salesman's license under 'The Real
Estate Dealers License Act' were required to take
an oral or written examination before receiving a li-
cense, the Legislature could have said so in plain
language; this it has not done, with reference to ap-
plicants for a dealer's or a salesman's license under
said Act."

The 1949 amendment, like the prior act, does not provide for the examination of applicants. Sections 8 and 9(a) have been re-enacted in the identical words used in the prior statute and which was in force at the time the above opinion was written, except that the name of the administrator has been changed.

Our conclusion that no authority to give examinations to applicants exists is based on the rule of statutory construction stated in 2 Sutherland Statutory Construction (3rd Edition) 523, 525. It is there stated that

"Where a statute has received a contemporaneous and practical interpretation and the statute as interpreted is re-enacted, the practical interpretation is awarded greater weight than it ordinarily receives, and is regarded as presumptively the correct interpretation of the law. The rule here is based upon the theory that the legislature is acquainted with the contemporaneous interpretation of a statute, especially when made by an administrative body or executive officers charged with the duty of administering or enforcing the law, and therefore impliedly adopts the interpretation upon re-enactment . . . . Likewise, legislative action by amendment or appropriations with respect to a law which has received a contemporaneous and practical construction may indicate approval of interpretations given the unchanged parts of the law."

## SUMMARY

The Texas Real Estate Commission has no authority under existing statutes to require applicants for licenses to pass an examination to determine their competence. Art. 6573a, V.C.S.

Yours very truly,

APPROVED:

*Jack Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

*Walter F. Woodul, Jr.*

By   Walter F. Woodul, Jr.,
Assistant

WFW:v